UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ARTHUR JAMES STANLEY, JR.,

        Plaintiff,                      Case No. 1:20-cv-100

v.                                       Honorable Paul L. Maloney

T. HOULE et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently released on parole. *See* Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=610609 (last visited, Feb. 28, 2020). However, at the time he filed this action, Plaintiff was incarcerated with

the Michigan Department of Corrections (MDOC) at the Parnall Correctional Facility (SMT) in Jackson County. The events about which he complains, however, occurred at the Ionia Correctional Facility (ICF) and the Richard A. Handlon Correctional Facility (MTU) in Ionia County. Plaintiff sues ICF Correction Officer T. Houle, MTU Sergeant W. Darnell, as well as MDOC employees, Hearing Officer S. Morris, Hearing Administrator Richard D. Russell, and Director Heidi E. Washington.

Plaintiff alleges that on October 25, 2019, Defendant Houle fabricated a major misconduct report against him for possessing a bag of "spud juice."[1] Plaintiff argues that, because Defendant Houle did not search his cell at the time of the misconduct report, presentation of the area's camera footage and the shakedown logbook would exonerate him. On October 26, 2019, Defendant Darnell reviewed the misconduct report. Plaintiff alleges that Defendant Darnell began the hearing 42 minutes after the permitted 24 hours for review had ended.[2] Defendant Darnell did not dismiss the misconduct, and Plaintiff contends that Defendant Darnell did not provide a reasonable cause for delay.

On October 31, 2019, Defendant Morris, an administrative law judge, held Plaintiff's hearing for the misconduct and found him guilty. Plaintiff had contested Defendant Darnell's compliance with MDOC process. Plaintiff also disputed the bag's contents and the location where it was found. Defendant Morris rejected Plaintiff's defenses and found Plaintiff guilty of the misconduct. Plaintiff received 20 days' loss of privileges and his expected release

---

[1] Documents attached to the complaint indicate that "spud juice" is a type of prison-made alcoholic beverage. (Compl., ECF No. 1, PageID.8.)

[2] In documents attached to the complaint, Plaintiff cites to MDOC Policy Directive 03.03.105. According to MDOC Policy Directive 03.03.105, "[a] supervisory level employee shall conduct a review of the Misconduct Report with the prisoner . . . within 24 hours after the report is written unless there is a reasonable cause for delay." *Id.* ¶ N.

date was extended by 35 days. The next day, Plaintiff requested a rehearing, which Defendant Russell denied on January 10, 2020.

In addition to filing his request for a rehearing, Plaintiff filed grievances against Defendants Houle, Darnell, and Morris, further challenging the misconduct report and the hearing process. (Compl., ECF No. 1, PageID.11, 14, 17.) Plaintiff contended that his due-process rights were violated because the hearing officer did not comply with MDOC policy to hold the hearing within 24 hours. He also alleged that Defendants Houle and Darnell retaliated against him for "being named as a witness in another inmate's grievance alleging wrongdoing by MDOC officials" by fabricating the misconduct report and holding a sham proceeding. (*E.g.*, *id.*, PageID.11.) Apparently, the grievances were denied at Steps I and II (*see id.*, PageID.13, 16, 19) and Plaintiff further appealed to Step III. Plaintiff alleges only that at Step III, Defendant Russell again denied the grievances.

The instant complaint asserts similar claims to those in Plaintiff's grievances, but he adds Defendants Russell and Washington in the instant action. Plaintiff alleges that Defendants Houle and Darnell retaliated against him in violation of the First Amendment, and that all Defendants violated his due-process rights provided under the Fourteenth Amendment. For relief, Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III. Defendant Washington

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged

violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).

Plaintiff fails to even mention Defendant Washington in the body of his complaint. Consequently, his allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, the Court will dismiss Plaintiff's claims against Defendant Washington.

### IV.     Defendant Morris

Defendant Morris is a hearing officer whose duties are set forth at Mich. Comp. Laws § 791.251 through § 791.255. Hearing officers are required to be attorneys and are under

the direction and supervision of a special hearing division in the MDOC. *See* Mich. Comp. Laws § 791.251(e)(6). Their adjudicatory functions are set out in the statute, and their decisions must be in writing and must include findings of facts and, where appropriate, the sanction imposed. *See* Mich. Comp. Laws § 791.252(k). There are provisions for rehearings, *see* Mich. Comp. Laws § 791.254, as well as for judicial review in the Michigan courts, *see* Mich. Comp. Laws § 791.255(2). Accordingly, the Sixth Circuit has held that Michigan hearing officers are professionals in the nature of administrative law judges. *See Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988). As such, they are entitled to absolute judicial immunity from inmates' § 1983 suits for actions taken in their capacities as hearing officers. *Id*.; *and see Barber v. Overton*, 496 F.3d 449, 452 (6th Cir. 2007); *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007); *cf. Pierson v. Ray*, 386 U.S. 547, 554-55 (1967) (judicial immunity applies to actions under § 1983 to recover for alleged deprivation of civil rights). Therefore, the Court will dismiss Plaintiff's claims against Defendant Morris.

## V. Defendant Russell

Plaintiff sues Defendant Russell, the MDOC Hearings Administrator who, among other duties, reviews Step III appeals of grievances and requests for a rehearing on prisoner misconduct. *See* Mich. Comp. Laws § 791.254(1).

### A. Grievances

Plaintiff arguably challenges Defendant Russell's denial of Plaintiff's Step III grievances filed against Defendants Houle, Darnell, and Morris. The Sixth Circuit held that where the defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances or the failure to act," the defendant cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The reason is that there must be active unconstitutional behavior. Failing to intervene on a prisoner's behalf to remedy alleged

6

unconstitutional behavior does not amount to active unconstitutional behavior by a person who merely denies an administrative grievance. *Id.* Also, in unpublished decisions, the Sixth Circuit has held that a prisoner's allegation that a defendant improperly denied a grievance is not a claim of constitutional dimension because there is "no inherent constitutional right to an effective prison grievance procedure." *See Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000); *Lyle v. Stahl*, No. 97-2007, 1998 WL 476189, at *1 (6th Cir. Aug. 3, 1998); *see also Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994) (no constitutional right to a grievance procedure). The Sixth Circuit has only found that there is a constitutional right not to be retaliated against for having filed a nonfrivolous grievance. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000); *Shehee*, 199 F.3d at 301. However, Plaintiff does not allege retaliation. In light of the foregoing authority, Plaintiff's allegation that Defendant Russell improperly denied his grievance appeal fails to state a claim of constitutional dimension.

### B. Rehearing Request

Plaintiff further contends that Defendant Russell "did not address any of the named issues that were raised in the Rehearing Request" for the misconduct charge. (Compl., ECF No. 1, PageID.5.) When a prisoner disagrees with the results of a Class I misconduct hearing, he may submit a request for a rehearing to the hearings administrator. MDOC Policy Directive 03.03.105 ¶ SSS; *see also* Mich. Comp. Laws § 791.254(1). Yet, Plaintiff's allegations do not state a claim under § 1983, for several reasons.

First, like Defendant Morris, Defendant Russell enjoys judicial immunity for any claims related to these decisions. *See Williams v. Bournay*, No. 98-1169, 1999 WL 196532, at *2 (6th Cir. Mar. 22, 1999) (hearing administrator entitled to judicial immunity).

7

Second, Defendant Russell did not convict Plaintiff of a misconduct or punish him; Russell merely determined whether to grant a rehearing. In other words, Defendant Russell did not actively participate in the misconduct conviction. At most, he reviewed the actions of another MDOC employee. Defendant Russell's failure to correct the allegedly improper decision by Defendant Morris does not give rise to liability. *Grinter v. Knight et al.*, 532 F.3d 567, 576 (6th Cir. 2008) (failure to act in response to administrative appeals does not subject supervisors to liability). Plaintiff has not alleged that Russell engaged in any active conduct with respect to the misconduct conviction.

Third, administrative appeals are remedial; they are not part of the due process rights afforded to prison inmates. *See Boles v. Weist*, No. 87-1862, 1988 WL 58866 (6th Cir. June 10, 1988) ("Plaintiff does not have an inherent constitutional right to appeal his disciplinary conviction"); *Lowe v. Sockey*, 36 F. App'x 353, 360 (10th Cir. 2002) (state prisoner's allegations that prison officials lost his appeal of prison discipline hearing failed to state a due process violation claim since Fourteenth Amendment does not provide due process right to such an appeal).

Thus, for all the reasons above, Plaintiff has failed to state a claim against Defendant Russell. Accordingly, the Court will dismiss Defendant Russell from this action.

## VI.     Due Process

Plaintiff claims that the major misconduct allegations that Defendant Houle reported were "fabricated" and that Defendant Darnell's failure to review the misconduct report within 24 hours violated MDOC policy.

The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a

8

procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to that Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995).

Plaintiff's major misconduct charge and conviction did not implicate any of Plaintiff's interests identified in *Sandin* as protected by due process, i.e., an inevitable effect on the duration of Plaintiff's sentence or an atypical and significant hardship. As to the first category, Plaintiff has not alleged a deprivation that will inevitably affect the duration of his sentence. A prisoner like Plaintiff, who is serving an indeterminate sentence for an offense committed after 2000, can accumulate "disciplinary time" for a major misconduct conviction. *See* Mich. Comp. Laws § 800.34. Disciplinary time is considered by the Michigan Parole Board when it determines whether to grant parole. *Id.* § 800.34(2). It does not necessarily affect the length of a prisoner's sentence because it is "simply a record that will be presented to the parole board to aid its [parole]

9

determination." *Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011). Likewise, Plaintiff's 20-day loss of privileges neither deprived him of a protected liberty interest nor did the sanction impose an atypical or significant hardship. *See Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004). Accordingly, Plaintiff fails to allege facts sufficient to state a due-process violation.

## VII. Retaliation

Plaintiff's final claim is that Defendant Houle fabricated the misconduct report and Defendant Darnell upheld the charge in retaliation for Plaintiff's participation as a witness in another inmate's grievance or complaint. Presumably, Plaintiff refers to his participation in *Kelley v. Hissong et al.*, No. 2:19-cv-10685 (E.D. Mich.), which he cites (Compl., ECF No. 1, PageID.4) without any direct explanation.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory

motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive).

Plaintiff's alleged involvement as a witness *may* be protected under the First Amendment. *See, e.g.*, *Bridges v. Gilbert*, 557 F.3d 541, 546-52 (7th Cir. 2009) (holding that a prisoner's witness testimony is protected where the issue is of public concern and not otherwise inconsistent with legitimate penological interests). *But see Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (declining to answer whether prisoners' speech is protected under the "public-concern" test).

Furthermore, the 20 days' loss of privileges that Plaintiff received as a result of the misconduct report likely amounts to an adverse action. *Maben v. Thelen*, 887 F.3d 252, 266-67 (6th Cir. 2018) (quoting *Hill v. Lapin*, 630 F3d 468, 474 (6th Cir. 2010) (holding that "actions that result in more restrictions and fewer privileges for prisoners are considered adverse")). The *Maben* court noted the contrary holding in *Ingram*, 94 F. App'x. at 273 (citing *Thaddeus-X*, 175 F.3d at 396-97) (14 days loss of privileges does not constitute an adverse action), and, because *Maben* was a published opinion, it effectively overruled *Ingram*.

However, even if Plaintiff can satisfy the first two steps of a retaliation claim, he has utterly failed to show that Defendants Houle's and Darnell's actions were motivated in any way by protected conduct. In the case Plaintiff cites, *Kelley v. Hissong et al.*, the complaint was filed on March 7, 2019—more than seven months before the adverse action Plaintiff alleges.

11

Plaintiff further alleges that on May 20, 2019, Officers Perez and Gee stated that corrections staff would "com[e] down hard on all inmates" because of Kelley. (Compl., ECF No. 1, PageID.5.) However, again the alleged statement came months before the adverse action, and neither Officer Perez nor Officer Gee is a defendant here. Plaintiff has not presented any other facts to support his conclusion that Defendants retaliated against him because of his involvement as a witness. Put simply, Plaintiff's allegations that his protected conduct motivated Defendants' adverse actions are merely conclusory and therefore insufficient to state a claim under § 1983. *See Harbin-Bey*, 420 F.3d at 580.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: March 20, 2020　　　　　　　　　　　／s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　United States District Judge